# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALAN LEROY GOODMAN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO CONTINUE TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT<br><br>Case No. 4:20-cr-00013-DN-DBP<br><br>District Judge David Nuffer |

Based on Defendant's Motion to Continue Jury Trial and Exclude Time from Speedy Trial Act ("Motion")[1] and for good cause appearing, the court makes the following findings:

    1.    Defendant first appeared in this court on February 5, 2020,[2] for an arraignment on the indictment filed in this case. Trial was previously set to begin on April 13, 2020. The trial was continued twice, first to August 17, 2020[3], and then to December 14, 2020.[4] As a result of the COVID-19 pandemic, trial was vacated and later rescheduled again November 30, 2021. On November 8, 2021, trial was continued to April 5, 2022.[5]

    2.    Defendant has moved to continue trial for 60 days pursuant to 18 U.S.C. § 3161(h)(7) (ends of justice).[6] This is Defendant's third request for continuance of the trial in this matter.

---

[1] Docket no. 70, filed March 18, 2022.

[2] Minute Entry for Proceedings Held Before Magistrate Judge Evelyn J. Furse, docket no. 11, filed February 5, 2020.

[3] Order to Continue Jury Trial, docket no. 22, filed March 17, 2020.

[4] Memorandum Decision and Order Continuing Trial and Excluding Time under the Speedy Trial Act, docket no. 27, filed August 5, 2020.

[5] Order to Continue Jury Trial and Exclude Time Under the Speedy Trial Act, docket no. 64, filed November 8, 2021.

[6] Motion at 1.

       3.       The following factual assertions are made by Defendant which support a request for a continuance:

         a) The Government has indicated it will be seeking a superseding indictment next week to address the allegations concerning a second victim.[7]

         b) The Government has recently identified a third alleged victim.[8]

         c) Defense has recently become able to conduct further investigations due to the relaxing of restrictions stemming from the COVID-19 pandemic.[9]

         d) Defendant continues to experience a medical condition which may interfere with his ability to sit and move. Counsel may attempt to move Defendant to seek additional medical care.[10]

         e) Counsel for the Government and the Defendant are in the process of meeting and conferring to finalize *voir dire*, instructions, and motions in limine.[11]

         f) Defense counsel is still waiting on two expert reports.[12]

       4.       Defendant is in custody and agrees with this continuance.[13]

       5.       Government counsel, Thaddeus May, was contacted and stipulates to a continuance.[14]

---

[7] Motion at 2.
[8] *Id*.
[9] *Id*.
[10] *Id*.
[11] *Id*.
[12] *Id*.
[13] *Id*. at 3.
[14] *Id*.

6.      There are no other defendants in this case.[15]

## DISCUSSION

An "ends of justice" exclusion of time under the Speedy Trial Act is disfavored and "was meant to be a rarely used tool for those cases demanding more flexible treatment."[16]

Failure to grant the requested continue, however, would result in a miscarriage of justice and would deny counsel for the government and Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Defense is still in the process of preparing for trial. The past difficulties of the COVID-19 pandemic and the newly identified alleged victims have added to the time needed to prepare for this case.[17] Therefore, the ends of justice served by this continuance outweigh the best interests of the public and Defendant in a speedy trial. The time from the filing of this motion to the new trial date will be excluded from Defendant's speedy trial computation. The continuance is not based on lack of diligent preparation on the part of the attorney for the United States or the defense, or failure on the part of the attorney for the United States to obtain available witnesses.

Accordingly, the court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

---

[15] *Id*.

[16] United States v. Toombs, 574 F.3d 1262, 1269 (10th Cir. 2009).

[17] Motion at 2.

**ORDER**

THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

1.  The Motion[18] is GRANTED. The trial previously scheduled for April 5, 2022 is continued to June 7, 2022.

2.  The time period between the filing of the Motion and June 7, 2022, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

Dated March 18, 2022.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[18] Docket no. 70, filed March 18, 2022.